Rhonda KIMBLE *v.* Robert GRAY, Sr.

CA 92-1154                                        842 S.W.2d 473

Court of Appeals of Arkansas
Opinion delivered December 23, 1992

*Kimberly D. Burnette*, for appellant.

*Dale E. Adams*, for appellee.

PER CURIAM. The appellee, Robert Gray, Sr., moves to dismiss the appeal filed by the appellant, Rhonda Kimble, on the grounds that Ms. Kimble did not timely file a notice of appeal in accordance with Arkansas Rule of Appellate Procedure 4(c). We agree with the appellee and dismiss the appeal.

Both parties agree that the order upon which this appeal is based was entered on June 15, 1992, and that the appellant filed a Motion for a New Trial on June 16, 1992, in accordance with Arkansas Rule of Civil Procedure 59(b). The trial court did not act on the motion within thirty days and thus, it was deemed denied on July 16, 1992, the thirtieth day after its filing. On that same day, July 16, the appellant filed her Notice of Appeal. The appellee, by his motion, contends that the Notice of Appeal was filed within the thirty-day jurisdiction of the lower court; there-

fore, it is not timely and should be dismissed.

We refer to Rule 4 to determine whether filing an appeal on the thirtieth day after the filing of a post-trial motion which was neither granted nor denied is timely. Rule 4(c) of the Rules of Appellate Procedure provides:

> (c) Disposition of post-trial motion. If a timely motion listed in section (b) of this rule is filed in the trial court by any party the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the thirtieth day. A motion of appeal filed before the *expiration of the thirty-day period* shall have no affect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the thirty-day period. No additional fees shall be required for such filing. [Emphasis added.]

A part of the reporter's notes to the foregoing rule provides:

> Under Rule 4(c), a motion is deemed denied if the trial court neither grants nor denies the motion within thirty days of its filing, and, under Rule 4(d), the time for filing the notice of appeal begins to run *at the end of that thirty-day period*. If, however, an order granting or denying the motion is acted upon within the thirty-day period, the time for filing the notice of appeal begins to run upon entry of the order. [Emphasis added.]

In the appellant's response to the motion to dismiss, she states that her Notice of Appeal was timely as it was filed on the day that the trial court lost jurisdiction, and *Kelly* v. *Kelly*, 310 Ark. 244, 247, 835 S.W.2d 869 (1992) would appear to support her argument. That case states:

> Subsection (c) now explicitly provides that a notice of appeal is ineffective if it is filed prior to the date of the disposition of the post-trial motion, or, if no order is entered, *prior to the date* that the motion is deemed denied. [Emphasis ours.]

Nevertheless, the wording of the rule, and the reporter's notes, make clear that when the trial court rules on the post-trial motion, a notice of appeal is timely when filed "upon entry" of that order. When the trial court fails to rule on the post-trial motion, the trial court retains jurisdiction of the matter until "the end," or "expiration," of the thirtieth day.

■ Because the appellant's notice of appeal was filed on the thirtieth day, it is untimely and ineffective. The appellee's motion is granted; the appeal is dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. The majority of this court has dismissed the appeal of this case because the notice of appeal was filed on the same day appellant's motion for new trial was deemed denied. I dissent.

Rule 4 of our Rules of Appellate Procedure provides in section (a) that, except as otherwise provided in subsequent sections of the rule, a notice of appeal must be filed "within thirty days" from the entry of the judgment, decree, or order appealed from, and section (c) provides that, if certain motions are filed, the time of appeal shall run from the entry of the order granting or denying the motion—or if the motion is not granted or denied within thirty days of filing, "the motion will be deemed denied as of the 30th day." It goes on to say that a notice of appeal filed "prior to the expiration of the 30-day period shall have no effect" and that "a new notice of appeal must be filed within the prescribed time measured . . . from the expiration of the 30-day period." Section (d) of Rule 4 states that upon disposition of a motion listed in section (b), any party desiring to appeal "shall have thirty days from . . . the expiration of the 30-day period provided in section (c) of this rule within which to give notice of appeal."

Looking back at the above provisions, we see that notice of appeal must be filed "within thirty days," or "within the pre-scribed time . . . from the expiration of the 30-day period" and that a party "shall have thirty days from" the expiration of the 30-day period.

Rule 4 simply does not provide that a notice of appeal filed on the "day of" is not "within" or "from the expiration of." Cases

cited by the appellant hold that a notice of appeal filed on the day that triggers the start of the 30-day period is within that period. *See Edmonds* v. *State*, 282 Ark. 79, 665 S.W.2d 882 (1984) (notice of appeal must be filed "within 30 days from" certain events.) And appellant cites a case where we said "since the trial court did not act on appellant's motion within thirty days, it was deemed denied as of the thirtieth day, or May 10, 1990. . . . Consequently . . . notice of appeal filed *before* May 10 . . . would be untimely under Rule 4(c)." (Emphasis added.) *Phillips Construction Co.* v. *Cook*, 34 Ark. App. 224, 226, 808 S.W.2d 792 (1991).

The majority opinion relies upon *Kelly* v. *Kelly*, 310 Ark. 244, 247, 835 S.W.2d 869 (1992), but that case simply holds that a notice of appeal filed *prior* to the date of disposition of the post-trial motion is no longer effective under the present language of Appellate Procedure Rule 4. However, that is not the point in the instant case. Here, the notice of appeal was filed on the same day the post-trial motion was deemed denied. We said in *Phillips Construction Co.* v. *Cook*, *supra*, that a notice of appeal filed *before* the disposition of the post-trial motion is ineffective, and *Kelly* v. *Kelly*, *supra*, said a notice of appeal filed *prior* to the disposition of the post-trial motion is ineffective. However, neither case said that a notice of appeal *filed on the same day* of the disposition of the post-trial motion is ineffective.

I would construe Rule 4 liberally and allow this appeal. I do not believe the Arkansas Supreme Court has, or will, do otherwise. Therefore, I dissent from the dismissal of this appeal.