Paul Allen ENOS *v.* STATE of Arkansas

CR 93-84                                              858 S.W.2d 72

Supreme Court of Arkansas
Opinion delivered July 5, 1993
[Rehearing denied September 13, 1993.]

*G. Keith Watkins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Paul Allen Enos, was convicted of manufacturing marijuana and sentenced to six years imprisonment and a $15,000 fine. Enos argues the Trial Court erred by (1) refusing to accept a plea bargain which would have suspended imposition of sentence for five years under supervised probation and required him to pay a $2,500 fine, (2) failing to grant a mistrial when a witness referred to a laboratory report which had been excluded through a motion *in limine*, and (3) not setting aside the judgment because it was inconsistent with the verdict form. We find no error and affirm.

The State argues we are without jurisdiction to hear this appeal because Enos violated Ark. R. App. P. 4(c) by filing his notice of appeal before the order denying the motion to set aside the judgment was entered. Rule 4(c) provides in part "If a timely motion *listed in section (b)* of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion:" (Emphasis added.) The motions listed in section (b) are motion for judgment notwithstanding the verdict, motion for additional findings or to amend judgment, and motion for new trial. Reference is made to Ark. R. Civ. P. 50(b), 52(b), and 59(b), respectively. Section (b) of Ark. R. App. P. 4

does not refer to the motion to set aside the judgment which would be analogous to a motion made pursuant to Ark. R. Civ. P. 60. *Cf. Jasper* v. *Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991), a civil case in which we inadvertently applied Rule 4(c) with respect to a motion to set aside a judgment as if such a motion were one of those listed in Rule 4(b).

■ We have made it clear that Rule 4(c) applies in criminal cases, and we have applied an earlier version of the Rule in cases where the post-trial motion in question was for a new trial, and thus was analogous to a motion made pursuant to Ark. R. Civ. P. 59. *Taylor* v. *State*, 296 Ark. 541, 757 S.W.2d 959 (1988); *Terrell* v. *State*, 294 Ark. 583, 745 S.W.2d 135 (1988). As the "motion to set aside the judgment" is not analogous to any of the motions listed in Ark. R. App. P. 4(b), we decline to say we lack jurisdiction of this appeal.

We are very concerned about the confusion caused by this Court's application of the Arkansas Rules of Appellate Procedure to criminal cases. The fact that Rule 4(b) refers only to civil procedure rules demonstrates that the drafters of the Arkansas Rules of Appellate Procedure may very well not have intended that they apply to criminal cases, and yet we see great merit in uniformity of rules governing the process by which a case moves from the trial court to the appellate court in civil and criminal cases. We hope the confusion surrounding the application of Rule 4(c) will soon be alleviated as we are presently studying rules changes, proposed by our Committee on Criminal Practice, which are designed to solve the problem.

### 1. Plea bargain

Enos argues the Trial Court should have considered the State's offer to suspend imposition of sentence and place him on supervised probation. Act 608 of 1991, as codified at Ark. Code Ann. § 5-4-301 (Supp. 1991), added the following category to a list of crimes for which suspension or probation was not appropriate.

(F) Drug related offenses under the Uniform Controlled Substances Act, § 5-64-101 et seq. except to the extent that probation is otherwise permitted under subchapters 1-6 of chapter 64. In other cases, the court may

suspend imposition of sentence or place the defendant on probation, except as otherwise specifically prohibited by statute.

Section 5-4-301(a)(1)(F).

In *Whitener* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1992), we interpreted Section 5-4-301(a)(1)(F) and held a trial court may consider suspending imposition of sentence or placing a defendant on probation for a drug related offense only if the Uniform Controlled Substances Act expressly provides for it. That Act only authorizes probation when there has been a conviction for possession of a controlled substance, except a Schedule I controlled substance. Ark. Code Ann. § 5-64-407 (1987). The Trial Court correctly refused to accept the plea bargain.

## 2. Mistrial

Enos contends the Trial Court abused its discretion by refusing to grant a mistrial when a police officer testified that according to a laboratory report the manufactured substance was cannabinoid, a type of marijuana. The Trial Court had earlier ruled the report could not be used as evidence. Although the Court sustained the objection to the testimony, there was no ruling on the motion for mistrial.

We will not address an issue with respect to which an appellant has failed to obtain a clear ruling. *State* v. *Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992). A motion for mistrial and an objection to evidence are categorically different. A mistrial motion asserts that the error is beyond repair and cannot be corrected by any curative relief. An objection to evidence does not carry with it the same gravity, and an admonition or instruction to the jury are acknowledged means of ameliorating the situation. *Sullinger* v. *State*, 310 Ark. 690, 840 S.W.2d 797 (1992).

## 3. Motion to set aside judgment

Enos asserts the judgment should have been set aside because it was inconsistent with the verdict form which allegedly reflected that the jury imposed six years imprisonment *or* a fine as opposed to six years imprisonment *and* a fine. We will not address this issue because the verdict form has not been included in the

record. It is well settled that an appellant must bring up a record sufficient to show the trial court was wrong. *Sanders* v. *State*, 304 Ark. 109, 798 S.W.2d 926 (1990).

Affirmed.