Rick R. BANNING *v.* STATE of Arkansas

CA CR 93-435                                    861 S.W.2d 119

Court of Appeals of Arkansas
Opinion delivered September 15, 1993

*James C. Haaser*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. The State of Arkansas, through the attorney general, has filed a motion to dismiss the appeal in this criminal case. For reasons which follow, the motion must be granted.

After a jury trial, appellant was convicted of DWI in Sebastian County Circuit Court on December 9, 1992. The circuit court entered a judgment of conviction on December 23, 1992. On January 20, 1993, appellant filed a motion for new trial. On January 22, 1993, appellant filed a notice of appeal. On January 25, 1993, the circuit court entered an order denying the motion for new trial.

Rule 4(c) of the Rules of Appellate Procedure provides:

(c) Disposition of Posttrial Motion. If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from

the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additional fees shall be required for such filing.

It is quite clear that Rule 4(c) applies in criminal cases. *Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993); *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992); *Mangiapane* v. *State*, 43 Ark. App. 19, 858 S.W.2d 128 (1993). It is also clear that a motion for new trial in a criminal case is analogous to a motion made pursuant to Ark. R. Civ. P. 59. *Enos, supra*. In a criminal case a motion for new trial must be filed within thirty days from the entry of the judgment. *Smith* v. *State*, 301 Ark. 374, 784 S.W.2d 595 (1990); *Chisum* v. *State*, 274 Ark. 332, 625 S.W.2d 448 (1981).

In the case at bar the notice of appeal was filed before the disposition of appellant's posttrial motion and under the express language of Rule 4(c) it had "no effect." It follows that we lack jurisdiction to hear the appeal. *See Phillips Construction Co.* v. *Cook*, 34 Ark. App. 224, 808 S.W.2d 792 (1991).

We have no choice but to dismiss this appeal without prejudice to appellant's right to petition the Arkansas Supreme Court for a belated appeal.

Motion granted.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the dismissal of the appeal in this case and respectfully submit that the majority opinion has failed to follow the law as announced by the Arkansas Supreme Court.

The judgment of conviction in this case was entered on

December 23, 1992. Both Appellate Procedure Rule 4(a) and Criminal Procedure Rule 36.9 make it clear that a notice of appeal must be filed within 30 days from the entry of the judgment. The notice in this case was filed on January 22, 1993, and this was within the 30-day period. *See Hodge* v. *Wal-Mart Stores, Inc.*, 297 Ark. 1, 759 S.W.2d 203 (1988) ("The general rule in calculating a limitations period is to exclude the first day from the computation.").

However, the appellant filed a motion for new trial in this case, and under Appellate Procedure Rule 4(c), it is provided that *"if a timely motion listed in section (b) of this rule is filed in the trial court"* (emphasis added), then the time of appeal begins to run from the entry of an order granting or denying the motion. Furthermore, Rule 4(c) provides that if no such order is entered within 30 days of the filing of the motion, it will be deemed denied as of the 30th day; and in that event, a new notice of appeal will have to be filed within 30 days from the date the motion was deemed denied, and the notice of appeal filed before the motion was deemed denied "shall have no effect."

As the majority opinion states, the Arkansas Supreme Court has held that Appellate Rule 4(c) applies in criminal cases. *Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993); *In Re Belated Criminal Appeals*, 313 Ark. 561 app., 856 S.W.2d 9 (1993); *Giacona v. State*, 311 Ark. 664, 846 S.W.2d 185 (1993). Because of that holding, the majority opinion has reached the wrong result. The motion for new trial was filed January 20, 1993. Appellate Rule 4(c) clearly provides that it applies only "if a *timely* motion listed in section (b)" of Appellate Rule 4 is filed in the trial court. Section 4(b) lists three motions. The motion applicable here is "motion for new trial under Rule 59(b)." Turning to Civil Procedure Rule 59(b), we see it provides that a "motion for new trial shall be filed not later than 10 days after the entry of judgment." In the present case, the judgment was entered on December 23, 1992. The motion for new trial was not filed until January 20, 1993. Therefore, the motion was not filed within the 10 days provided for by Civil Procedure Rule 59(b). Thus, there was no filing of a *"timely"* motion as listed in section (c) of Appellate Rule 4.

The Arkansas Supreme Court dealt with this precise issue in

*Jackson* v. *Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), and the court concluded:

> Because Jackson's motion to vacate was in the nature of a motion for a new trial under Rule 59, it was required to be filed within ten days of judgment. *See* Ark. R. Civ. P. 59(b). This was not done. Since the motion to vacate did not extend the time for filing a notice of appeal under Ark. R. App. P. 4(b), the notice of appeal was required to be filed within thirty days of judgment. This also was not done. AP&L's motion, accordingly, has merit and the appeal is dismissed.

309 Ark. at 574, 832 S.W.2d at 225. In the present case, the motion for new trial was not filed within 10 days of the entry of judgment; therefore, it did not extend the time for filing the notice of appeal. And, since the notice of appeal filed on January 22, 1993, was filed within 30 days of the entry of the judgment on December 23, 1992, it was filed after the judgment was entered and it was filed in time.

The majority opinion relies upon *Smith* v. *State*, 301 Ark. 374, 784 S.W.2d 595 (1990), as authority for dismissing the appeal in the present case. In that case, the Arkansas Supreme Court said that "a motion for a new trial on the basis of newly discovered evidence must be filed within 30 days from the entry of the judgment," and cited as authority Criminal Procedure Rule 36.22. However, *Smith* was not concerned with the question of whether a notice of appeal was filed in time. Moreover, the application of Criminal Procedure Rule 36.22 to the situation in the present case seems to have been clearly negated by the later case of *Giacona*, *supra*, in which our supreme court stated, "We . . . take this opportunity to repeat that Arkansas Rule of Appellate Procedure 4(c) applies to criminal cases." And in *Enos*, *supra*, the supreme court said again, "We have made it clear that Rule 4(c) applies in criminal cases . . . ." The court in *Enos* also stated that it was "concerned about the confusion caused by this court's application of the Arkansas Rules of Appellate Procedure to criminal cases" and refused to hold that a "motion to set aside the judgment" was analogous to any of the motions listed in Appellate Procedure Rule 4(b). That opinion sets the tone that I would follow here. I would make a perfectly

reasonable application that would allow — rather than dismiss — this appeal.

I recognize the Arkansas Supreme Court has said that in cases where a judgment was entered prior to July 1, 1993, the supreme court will consider a petition for belated appeal even though the notice of appeal was filed *before* the judgment was entered. *See In Re Belated Criminal Appeals*, 313 Ark. 561 app., 856 S.W.2d 9 (1993). Therefore, since the judgment in the present case was entered before July 1, 1993, the appellant can petition the supreme court for a belated appeal, and the appellant may prefer to do that without asking (even alternatively) that the supreme court review and reverse our decision. Even so, I think we have incorrectly applied the law as announced by our supreme court.

I dissent.