Carthel FULLER, Sr. *v.* STATE of Arkansas

CR 93-166                                                       872 S.W.2d 54

Supreme Court of Arkansas
Opinion delivered March 14, 1994
[Rehearing denied April 18, 1994.*]

*Corbin, J., not participating.

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Carthel Fuller, Sr., appeals his conviction for second-degree assault arising out of a confrontation with Charles Davidson in Kensett. On the morning of July 9, 1991, Fuller pulled out of a lumber yard in his truck and almost ran into the vehicle of Charles Davidson, who was traveling with a passenger, Marlene Holt. Davidson and Holt continued on towards Kensett, on Highway 36, at which time Fuller came up behind them in his truck and forced them off the road, according to their testimony. Davidson and Holt waited a few moments and then drove into Kensett. As they passed Fuller's truck, they alleged that they saw him standing by the tailgate and pointing a pistol at them. They immediately went to find the

Kensett Chief of Police, Ralph Jordan. They located Jordan in town and related what had happened, whereupon Fuller drove up, got out of his truck, walked over to the police car, and began beating on the top of it, cursing Davidson and saying that Davidson was going to die and that he was going to shoot him.

Fuller was charged with first degree assault and terroristic threatening in the second degree, both misdemeanors, in Searcy Municipal Court. He was found guilty of assault in the first degree, sentenced to six months in jail with five months suspended, and fined $1,000 with $600 suspended. He was found not guilty of terroristic threatening.

Fuller appealed his judgment of conviction for first degree assault to circuit court. The matter was tried *de novo*, after which the circuit judge concluded that Fuller was guilty of second degree assault. He sentenced Fuller to seven days in jail, all of which was suspended, and a fine of $500. He specifically stated in his letter opinion dated August 4, 1992, that he was foreclosed under the Double Jeopardy Clauses of the U.S. and State Constitutions from retrying Fuller for terroristic threatening, regardless of any evidence which might be presented to support that charge, because the municipal court had found him innocent of that charge.

On August 7, 1992, the circuit judge's judgment was entered. On August 27, 1992, Fuller filed a motion for reconsideration, praying that the circuit judge reconsider his decision and find him not guilty. His stated reason for the motion was that he had been convicted of assault in municipal court for pointing the gun but was found innocent of making threats. In circuit court, he contended, the judge used his threats against Davidson to find him guilty of second degree assault, placing him in double jeopardy because he had been acquitted of that charge.

On September 2, 1992, Fuller filed a notice of appeal. The circuit judge denied his motion for reconsideration on September 15, 1992. No subsequent notice of appeal was filed.

■ We are first confronted with the issue of jurisdiction. The State points out that this court may be without jurisdiction over this case because of Ark. R. App. P. 4(c). Fuller filed the notice of appeal before 30 days had passed from the date of his motion. If Rule 4(c) applies, the premature filing would render

the notice of appeal void and divest this court of any jurisdiction over the case. Rule 4(c), by its terms, is applicable to specific civil motions including a motion for judgment notwithstanding the verdict under Ark. R. Civ. P. 50(b), a motion to amend findings of fact or to make additional findings of fact under Ark. R. Civ. P. 52(b), and a motion for a new trial under Ark. R. Civ. P. 59(b). We have applied Rule 4(c) to criminal matters, however, where the motion made following the judgment of conviction was analogous to a civil motion made under Rule 50(b), Rule 52(b), or Rule 59(b). *See Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993); *Taylor* v. *State*, 296 Ark. 541, 757 S.W.2d 959 (1988); *Terrell* v. *State*, 294 Ark. 583, 745 S.W.2d 135 (1988).

█ █ We conclude that Fuller's post-judgment motion is not analogous to a motion under Rule 50(b), Rule 52(b), or Rule 59(b). We have said that we will look to see what a motion actually is in determining Rule 4 questions such as the one before us. *See Jackson* v. *Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992) (per curiam). It is clear, however, that Fuller's motion is not a request for amended or additional findings or for a new trial. Nor does it qualify as a request for a judgment NOV, which contemplates a jury verdict. Moreover, all three motions under Rules 50(b), 52(b), and 59(b) must be filed within ten days of entry of judgment. Fuller's motion was filed 20 days after the judgment was entered. Accordingly, the motion is not controlled by Rule 4, and the fact that Fuller's notice of appeal was filed when it was does not divest this court of jurisdiction. *See Enos* v. *State, supra.*

We turn then to the sole issue raised by Fuller in this appeal, which is the Double Jeopardy argument. Fuller, however, did not argue this point before the circuit judge at trial. He did raise it by motion for reconsideration, but we hold that this was not timely.

█ An issue must be presented to the trial court at the earliest opportunity in order to preserve it for appeal. *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993); *Henry* v. *Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992); *Lewis* v. *State*, 307 Ark. 260, 819 S.W.2d 689 (1991). Even a constitutional issue must be raised at trial in order to preserve the issue for appeal. *Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991); *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

 

The Double Jeopardy argument was not raised by Fuller until 20 days after judgment was entered. A defendant may not wait until the outcome of a case to bring an error to the trial court's attention. *Chism* v. *State, supra.* Furthermore, if Fuller was not aware that the circuit judge was going to decide the case the way he did until judgment, he could have filed a motion analogous to one of the Ark. R. App. P. 4(b) motions within ten days of judgment and followed the procedure outlined under Ark. R. App. P. 4(c). This he failed to do. Or, he could have obtained a ruling on his motion for reconsideration prior to filing his notice of appeal within 30 days of judgment. He also failed to do this. The Double Jeopardy issue is simply not preserved for our review.

Affirmed.

HAYS, J., concurs.

CORBIN, J., not participating.