LAWRENCE BROTHERS, INC. *v.* R.J. "BOB" JONES EXCAVATING CONTRACTOR, INC.

94-805                                      884 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered October 17, 1994

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Carrold E. Ray*, for appellant.

*Stanley D. Rauls*, for appellant.

PER CURIAM. The appellee, R.J. "Bob" Jones Excavating Contractor, Inc. ("Jones"), moves to dismiss the appeal of the appellant, Lawrence Brothers, Inc. ("Lawrence Brothers"), the defendant below. Jones contends that Lawrence Brothers failed to file a timely notice of appeal and that, as a result, this court lacks jurisdiction to entertain the matter. We agree and therefore grant the motion to dismiss.

This case entailed a breach of contract action in which a jury awarded Jones $110,115.50 in compensatory damages. Judgment was entered on March 29, 1994. On April 6, 1994, Lawrence Brothers filed a motion for judgment n.o.v. and, alternatively, for a new trial on damages, requesting that the trial court enter judgment for $65,317.18.

A hearing was held on the post-trial motions on April 11, 1994, at which time the court verbally denied them, directing the attorney for Jones to "give me just a short order, just denying the motions on this." On April 13, 1994, before the trial court entered its order of record on the post-trial motions, Lawrence Brothers filed a notice of appeal, followed, on the same day, by an amended notice of appeal. Ten minutes later, once again on the same day, the trial court entered its order denying the j.n.o.v. motion. The following is a breakdown of the relevant filing dates and times:

> *(1) March 29, 1994 — judgment entered in favor of Jones.*

> *(2) April 6, 1994 — j.n.o.v. motion filed by Lawrence Brothers.*

> *(3) April 11, 1994 — hearing on post-trial motions and verbal denial of post-trial motions.*

> *(4) April 13, 1994, 9:07 a.m. — notice of appeal filed by Lawrence Brothers.*

> *(5) April 13, 1994, 4:11 p.m. — amended notice of appeal filed by Lawrence Brothers.*

*(6) April 13, 1994, 4:21 p.m. — order denying the j.n.o.v. motion entered by trial court.*

Under Ark. R. App. P. 4(c), the time for filing a notice of appeal is modified in the event a post-trial motion is filed. A notice of appeal filed prior to the disposition of a post-trial motion has no effect, and a new notice of appeal must be filed within the prescribed time dated from the entry of the order dealing with the post-trial motion or from the expiration of the thirty days allowed in the absence of a ruling.

Jones persuasively cites *Kimble* v. *Gray*, 313 Ark. 373, 853 S.W.2d 890 (1993), as authority for its position that Lawrence Brothers' notice of appeal had no effect. That *per curiam* opinion affirmed an Arkansas Court of Appeals decision which held that, because the petitioner had filed her notice of appeal one day early, her notice of appeal had no effect under Ark. R. App. P. 4(c). *See Kimble* v. *Gray*, 40 Ark. App. 196, 842 S.W.2d 473 (1992). The court of appeals ruled, in *Kimble*, that the filing of a notice of appeal on the thirtieth day after a post-trial motion was filed was untimely and ineffective. In so doing, the appellate court relied on both the language of Ark. R. App. P. 4(c) ("A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the thirty-day period") and the notes supplied by the reporter ("If . . . an order granting or denying the motion is acted upon within the thirty-day period, the time for filing the notice of appeal begins to run upon entry of the order"):

> [T]he wording of the rule, and the reporter's notes, make clear that when the trial court rules on the post-trial motion, a notice of appeal is timely when filed "upon entry" of that order. When the trial court fails to rule on the post-trial motion, the trial court retains jurisdiction of the matter until "the end," or "expiration," of the thirtieth day.

40 Ark. App. at 198, 842 S.W.2d at 474. This court affirmed the dismissal of appeal, noting simply that the appellate court's *per curiam* "succinctly sets out the court's authority for dismissing Kimble's appeal. Because we agree with the court of appeals'

per curiam and ruling, we merely reaffirm its decision." 313 Ark. at 373-74, 853 S.W.2d at 890.

■ The *Kimble* decision is dispositive of the present matter. Measuring as we must, under Ark. R. App. P. 4(c), from the time of the trial court's entry of its order, we hold that Lawrence Brothers' filing of its notice of appeal on the afternoon of April 13 was untimely and ineffective.

The motion to dismiss the appeal is granted.

BROWN, J., dissents.

CORBIN, J., not participating.

ROBERT L. BROWN, Justice, dissenting. I would deny the motion to dismiss. This is the second time this precise issue has been presented to the court in fairly short order. *See Cason* v. *House, et al.*, motion for rule on the clerk denied (94-759 October 3, 1994) (3 justices dissenting) (1 justice not participating). In *Cason*, the issue also was whether a notice of appeal filed in timely fashion with regard to the judgment, but after a post-judgment motion, was effective to appeal that judgment. The Supreme Court Clerk had refused to lodge the appeal because the notice of appeal was filed after a post-judgment motion, though within 30 days of the judgment. The notice of appeal referred only to the judgment. The motion for rule on the clerk failed for lack of a fourth vote. I joined the dissent.

In the case before us now, the Supreme Court Clerk has permitted the record in the appeal to be lodged. The additional facts are these. On March 29, 1994, judgment for damages was entered against the appellee, R.J. "Bob" Jones Excavating Contractor, Inc., and against appellant Lawrence Brothers, Inc. On April 6, 1994, Lawrence Brothers filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial on damages. On April 11, 1994, the trial judge had a hearing on the motion, rejected Lawrence Brothers' arguments, denied the motion, and directed Jones's attorney to prepare the order. On April 13, 1994, at 9:07 a.m. Lawrence Brothers filed a notice of appeal expressly directed only to the March 29 judgment. On that same date at 4:11 p.m., Lawrence Brothers filed an amended notice of appeal directed to the March 29 judgment

and to the order denying the post-judgment motion. Ten minutes later at 4:21 p.m. an order was entered denying those motions. Under our cases the notice of appeal would not be effective for that order. *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992), *overruling State* v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991).

The paramount issue before us is whether either notice of appeal is valid for purposes of appealing from the adverse judgment when both were filed after the post-judgment motion but before the order disposing of that motion.

Ark. R. App. P. 4 deals with the time for an appeal. Rule 4(a) states in part:

> Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from.

Rule 4(b) states:

> Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under ARCP 50(b), of a motion to amend the court's findings of fact or to make additional findings under ARCP 52(b), or of a motion for a new trial under ARCP 59(b), the time for filing of the notice of appeal shall be extended as provided in this rule.

Rule 4(c) further provides that:

> If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the

expiration of the 30-day period. No additional fees shall be required for such filing.

The clear policy behind Rules 4(b) and (c) is to extend the period in which a notice of appeal may be filed when a motion for a new trial, or a motion for JNOV, or a motion for additional findings of fact is filed. An additional policy expressed in Rule 4(c) is to lend finality to the appeal time for such motions by establishing a "deemed denied" date when the trial court does not rule within 30 days of a timely motion.

Here, though, the issue is different. Lawrence Brothers knew its post-judgment motion had been denied. The judge told it so at the hearing and directed Jones to prepare the order. Lawrence Brothers then sought to appeal from the original judgment and filed its first notice of appeal which was within 30 days of that judgment. That is what Ark. R. App. P. 4(a) contemplates. It then filed an amended notice of appeal that same date which also referred to the original judgment and which also was timely.

The post-judgment motions included in Rule 4 permit the trial court to reevaluate the verdict of the jury. But when the trial court has disposed of the motion, even without entry of a formal order, I do not read Rule 4(c) as foreclosing an appeal from the original judgment. To be sure, Rule 4(c) does require entry of an order granting or denying the motion in order for the appeal time to be extended for that denial. Otherwise, the motion is deemed denied on the 30th day from filing the motion, and the notice of appeal must be filed within 30 days of that date. A premature filing of the notice of appeal before entry of an order or the deemed denied date is ineffective *with respect to the filed motion*. But that is not what we have here.

The majority relies in large part on *Kimble v. Gray*, 40 Ark. App. 196, 842 S.W.2d 473 (1992) (per curiam), *aff'd* 313 Ark. 373, 853 S.W.2d 890 (1993). But that reliance is misplaced. In *Kimble*, we said that the appellant had filed the notice of appeal one day too early with regard to the motion for a new trial and, thus, the notice had no effect. We did not reach the issue of whether the notice was filed within 30 days of the original order, but a reading of the case shows that the notice was filed on the

31st day from the order appealed from. Thus, it would have been untimely with respect to that order also. *But see Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994) (dictum); *Banning* v. *State*, 43 Ark. App. 106, 861 S.W.2d 119 (1993).[1]

This court has not addressed the precise issue now raised in its prior decisions. There is no question, however, that both notices of appeal were timely and effective for an appeal from the original judgment. The notices were filed within 30 days of that judgment, and both notices referred to that original judgment. Our rules of appellate procedure have developed a thorny complexity over the years. We make a serious mistake when we interpret them so as to foreclose a legitimate appeal. For these reasons, I would deny the motion to dismiss.

HAYS, J., joins in this dissent.

---

[1]In *Banning*, the notice of appeal was held to be ineffective though filed within 30 days of the original judgment but prior to the date that the post judgment motion was disposed of. However, the issue of whether the notice was timely for the original judgment was not addressed. In *Fuller*, the issue of the ineffectiveness of a premature notice of appeal was discussed in *dictum* but, again, not in connection with the original judgment.