Kenneth GLOVER *v.* Paula Glover LANGFORD

CA 94-6                                           894 S.W.2d 959

Court of Appeals of Arkansas
Division I
Opinion delivered March 22, 1995
[Rehearing denied April 12, 1995.]

*Bridewell & Bridewell*, by: *Laurie A. Bridewell*, for appellant.

*Paul K. Lancaster*, for appellee.

JAMES R. COOPER, Judge. The appellant in this chancery case sought an appeal from an order of the Saline County Chancery Court entered June 17, 1993, and from the chancellor's denial of his motion for new trial filed on June 30, 1993. The appellant's initial notice of appeal, filed on July 12, 1993, was held to be premature, and thus untimely, by the trial court.

Consequently, the appellant filed a second notice of appeal on July 30, 1993, from the trial court's order of June 17, 1993, "and the failure of the Chancellor to rule on the Plaintiff's Motion for New Trial within thirty (30) days of the entry of the final order." Unfortunately, this second notice of appeal was also untimely, and we are constrained to dismiss this appeal.

■ The appellant's first notice of appeal, filed as it was prior to the disposition of the post-trial motion, was without effect under Ark. R. App. P. 4(c). Under such circumstances, a new notice of appeal must be filed within the prescribed time dated from the entry of the order dealing with the post-trial motion or from the expiration of the thirty days allowed in the absence of a ruling. *Lawrence Brothers, Inc.* v. *R. J. "Bob" Jones Excavating Contractor, Inc.*, 318 Ark. 328, 884 S.W.2d 620 (1994).

■ The appellant's second notice of appeal was filed exactly thirty days after his post-trial motion for a new trial was filed. The situation is identical to that presented in *Kimble* v. *Gray*, 40 Ark. App. 196, 842 S.W.2d 473 (1992), *aff'd*, 313 Ark. 373, 853 S.W.2d 890 (1993). In that case we held that a trial court retains jurisdiction of a post-trial motion until the end of the thirtieth day. Because a notice of appeal filed before the expiration of the thirty-day period has no effect under Rule 4(c), we held that the notice of appeal, filed on the thirtieth day, was untimely and ineffective.

Appeal dismissed.

PITTMAN and ROGERS, JJ., agree.