Wendell SCHAEFFER *v.* CITY of RUSSELLVILLE

CA 94-1406                                    916 S.W.2d 134

Court of Appeals of Arkansas
En Banc
Opinion delivered March 6, 1996

*Michael U. Sutterfield*, for appellant.

*Peel Law Firm P.A.*, by: *John R. Peel*, for appellee.

JOHN MAUZY PITTMAN, Judge. Wendell Schaeffer has appealed from an order of the Pope County Circuit Court affirming a ruling by the City of Russellville's civil service commission, which upheld his demotion from the rank of captain to that of firefighter. We dismiss this appeal because appellant failed to file a timely notice of appeal.

On May 16, 1994, appellant appealed the civil service commission's decision to the circuit court. The circuit court's order affirming the ruling of the civil service commission was filed on September 8, 1994. On September 16, 1994, appellant filed a "Petition for Rehearing," in which he argued that he was entitled to a new trial under Rule 59 of the Arkansas Rules of Civil Procedure. On October 7, 1994, appellant filed his notice of appeal from the order "entered in this case on the 8th day of September, 1994, as well as no formal order being issued as of this date as to the Plaintiff's Petition for Rehearing." When appellant filed his notice of appeal, the circuit judge had not ruled on his petition and thirty days had not passed since appellant had filed it. On October 12, 1994, the circuit judge's order denying the petition for rehearing was filed. Appellant filed no further notice of appeal.

Rule 4(a) of the Arkansas Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days from the entry of the judgment, decree, or order appealed from. Rule 4(c) provides that, if a timely motion for new trial is filed, the time for appeal shall run from the entry of the order granting or denying the new trial. Rule 4(c) goes on to state that a notice of appeal filed before the disposition of any such motion, or if no order is entered, prior to the expiration of the thirty-day period, shall have no effect; a new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the thirty-day period. Rule 4(d) provides that the time prescribed for filing a notice of appeal will be measured from the entry of the order

disposing of the motion or from the expiration of the thirty-day period. The failure to file a timely notice of appeal deprives this court of jurisdiction. *Williams* v. *Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995); *Rossi* v. *Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995).

Here, appellant's only notice of appeal was filed prior to either the entry of the order deciding the post-trial motion or the expiration of thirty days after the motion was filed. Therefore, the notice of appeal was premature and the appeal must be dismissed. *See Snowden* v. *Benton*, 49 Ark. App. 75, 896 S.W.2d 451 (1995); *Glover* v. *Langford*, 49 Ark. App. 30, 894 S.W.2d 959 (1995).

In his reply brief, appellant argues that Rule 4(c) does not render his notice of appeal ineffectual because, before he filed it, the trial judge orally advised appellant that he had denied, and hence "disposed of," the motion for new trial. Appellant asserts that this is sufficient to trigger the running of the period within which he was required to file his notice of appeal. We disagree. Rule 4(c) provides: "A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the thirty-day period." Rule 4(e) provides that an order is "entered . . . when it is filed with the clerk of the court in which the claim was tried." A trial court's decision from the bench is ineffective in this context. *See Nance* v. *State*, 318 Ark. 758, 891 S.W.2d 26 (1994).

Appeal dismissed.

JENNINGS, C.J., and ROBBINS and ROGERS, JJ., agree.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to dismiss this appeal. The circuit court's order upholding the decision of the Civil Service Commission was entered on September 8, 1994. On September 16, 1994, appellant filed a "Petition for Rehearing" in which he noted that his notice of appeal asked for a jury trial and to submit additional evidence "in the form of testimony, documents and physical evidence." He also asked for a new trial because the circuit judge's decision was made without any hearing whatsoever. When by October 7, 1994, there had

been no decision on his petition for rehearing, appellant filed a notice of appeal to this court.

On October 12, 1994, within thirty days from the filing of the petition for rehearing, the trial judge denied the petition for rehearing. No additional notice of appeal was filed.

Arkansas Rules of Appellate Procedure 4(c) provides:

> *If a timely motion listed in section (b) of this rule is filed in the trial court by any party,* the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additional fees shall be required for such filing. [Emphasis added.]

Ark. R. App. P. 4(b) lists a motion for judgment notwithstanding the verdict under ARCP 50(b), a motion to amend the court's findings of fact or to make additional findings under ARCP 52(b), and a motion for new trial under ARCP 59(b). However, I do not think appellant's petition for rehearing was actually an Ark. R. Civ. P. Rule 59 motion for a new trial; it was a request *for a trial. See Enos* v. *State,* 313 Ark. 683, 858 S.W.2d 72 (1993); *Fuller* v. *State,* 316 Ark. 341, 872 S.W.2d 54 (1994).

The order entered in the circuit court on September 8, 1994, without benefit of a hearing, simply stated:

> Now on this 1st day of September, 1994, is presented to the Court the petition for a judicial review filed in the above styled cause, and from said petition, a review of the court file, and other matters before the Court, the Court does hereby affirm the ruling of the City of Russellville Civil Service Commission.

The notice of appeal filed on October 7, 1994, was within

thirty days of the entry of the order appealed from, and I think the time in which to appeal from that order is controlled by Arkansas Rule of Appellate Procedure 4(a), not 4(b) and (c). Under 4(a) "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from."

Therefore, I dissent from the dismissal of the appeal in this case.

COOPER, J., joins in this dissent.