Leah BRECKENRIDGE *v*. Ronald B. ASHLEY

CA 96-487                                      934 S.W.2d 536

Court of Appeals of Arkansas
En Banc
Opinion delivered December 11, 1996

*Boyce R. Davis Associates*, by: *Steven S. Zega*, for appellant.

*Vowell & Atchley, P.A.,* by: *Stevan E. Vowell,* for appellee.

PER CURIAM. This appeal from the Carroll County Chancery Court must be dismissed because the appellant did not file a timely notice of appeal.

█ This case was tried on October 3, 1995. On October 12, 1995, the appellant filed a motion for a new trial under Ark. R. Civ. P. 59, even though the decree had not yet been filed. In fact, the decree was filed on November 2, 1995. The chancellor denied the motion for new trial on November 14, 1995. On December 11, 1995, the appellant, stating that she was appealing from the November 2, 1995, decree and the November 14, 1995, order denying the motion for new trial, filed the notice of appeal. For the reasons expressed below, we hold that, because the appellant's motion for new trial was filed prior to the entry of the decree, it was not timely and was, therefore, ineffective. Further, because the appellant failed to file a timely motion for new trial, the notice of appeal was due on Monday, December 4, 1995. Accordingly, we hold that the notice of appeal that was filed on December 11, 1995, was untimely and of no effect, and therefore, this Court is without jurisdiction to hear this appeal.

Arkansas Rule of Appellate Procedure—Civil 4(a) (formerly Ark. R. App. P. 4(a)) provides that, except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from.

Arkansas Rule of Appellate Procedure—Civil 4(b) provides that, upon the "timely filing" in the trial court of a motion for new trial under Ark. R. Civ. P. 59(b), the time for filing the notice of appeal shall be extended as provided in Rule 4. Arkansas Rule of Appellate Procedure—Civil 4 provides:

> If a timely motion listed in section (b) of this rule [such as a motion for new trial under Rule 59(b)] is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the disposition of any such motion or, if no order is

entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additional fees shall be required for such filing.

■ The failure to file a timely notice of appeal deprives this Court of jurisdiction. *Williams* v. *Hudson*, 320 Ark. 635, 638, 898 S.W.2d 465 (1995); *Rossi* v. *Rossi*, 319 Ark. 373, 374, 892 S.W.2d 246 (1995); *Schaeffer* v. *City of Russellville*, 52 Ark. App. 184, 186, 916 S.W.2d 134 (1996).

■ In this case, we must determine whether the appellant's motion for new trial was "timely" under Ark. R. Civ. P. 59(b) and Ark. R. App. P.—Civil 4. Because it was filed before the decree was entered, we are convinced that it was not timely. Arkansas Rule of Civil Procedure 59(b) provides: "A motion for a new trial shall be filed not later than 10 days after the entry of judgment." In *Hicks* v. *State*, 324 Ark. 450, 452, 921 S.W.2d 604 (1996), and *Webster* v. *State*, 320 Ark. 393, 394, 896 S.W.2d 890 (1995), the Arkansas Supreme Court held that a motion for new trial filed prior to the entry of judgment is not effective and does not extend the time for filing the notice of appeal.

In *Webster* v. *State*, the appellant was convicted of several crimes and was sentenced to six years in prison. He filed a motion for a new trial before the judgment and commitment order was entered. The supreme court held that, under Ark. R. Civ. P. 59 and Ark. R. App. P. 4(b), the motion for new trial was untimely and ineffective. It also held that, because the motion for new trial was ineffective and the appellant's notice of appeal was based on the motion for new trial and filed more than thirty days after the judgment, the notice of appeal also was of no effect. The supreme court stated, however, that the appellant's attorney had assumed responsibility for not verifying that the judgment and commitment order had been filed prior to the filing of the motion for new trial. The court reasoned that it would therefore treat the appellant's motion for rule on the clerk as a motion for a belated appeal. It granted that motion and directed that a copy of its order be filed with the Committee on Professional Conduct.

In *Hicks* v. *State*, the appellant was convicted of several crimes on December 4 and 5, 1995, and was sentenced to ninety-five (95)

years in prison. Before the judgment and commitment order was entered, the appellant's counsel filed a motion for new trial on December 11, 1995. The judgment and commitment order was entered three days later, on December 14. The trial court did not rule on the motion for new trial. On January 19, 1996, the appellant's counsel filed a notice of appeal from the judgment "entered against him on December 5, 1995." 324 Ark. at 451. The supreme court clerk refused to accept the record because the notice of appeal was filed late. The appellant then filed a motion for rule on the clerk.

Citing *Webster* v. *State, supra*, the supreme court held that the motion for new trial was untimely and ineffective because it was filed before the judgment and commitment order was entered. 324 Ark. at 451. The court further stated: "Because the motion for new trial was ineffective and because the notice of appeal was filed more than thirty days after the judgment was entered, the notice of appeal was also of no effect. *Webster*, 320 Ark. 393, 896 S.W.2d 890." 324 Ark. at 452. The supreme court denied the appellant's motion for rule on the clerk because his counsel had not admitted responsibility for filing the notice of appeal untimely. The court, however, directed the appellant's attorneys to file, within thirty days, a motion and affidavit accepting full responsibility for not timely filing the notice of appeal and held that, upon such filing, or for other good cause shown, it would grant the motion and send a copy of the opinion to the Committee on Professional Conduct.

Although *Hicks* v. *State* and *Webster* v. *State* are criminal cases, they are not distinguishable in this context. In *Webster* v. *State*, the supreme court specifically relied upon Ark. R. Civ. P. 59 in holding that the notice of appeal was of no effect because it was based upon a motion for new trial filed before the entry of the judgment and commitment order and because it was filed more than thirty days after the judgment. In *Hicks* v. *State*, the supreme court specifically relied upon *Webster* v. *State* in making its decision. Further, both of those decisions cited Ark. R. App. P. 4. Although the Revised Rules of Appellate Procedure became effective on January 1, 1996, the pertinent sections of Rule 4 of the Rules of Appellate Procedure—Civil track former Appellate Rule 4 without change.

Additionally, in civil cases, the appellant is not given an opportunity to file a belated appeal as criminal appellants may do when their attorneys admit responsibility for filing an untimely

notice of appeal. In civil cases, we have consistently held that the failure to file a timely notice of appeal deprives this Court of jurisdiction and requires dismissal of the appeal. *See Snowden* v. *Benton,* 49 Ark. App. 75, 76, 896 S.W.2d 451 (1995); *Glover* v. *Langford,* 49 Ark. App. 30, 31, 894 S.W.2d 959 (1995).

■ The only clear authorities regarding the timeliness of the notice of appeal in the present case are *Hicks* and *Webster, supra,* and these cases require dismissal. Any other course would require us to construe the supreme court's procedural rules, which is outside our jurisdiction, *see* Supreme Court Rule 1-2(a)(3), or alternatively, to overrule *Hicks* and *Webster.* Because we are clearly obliged to follow, and are without authority to overrule, the decisions of the Arkansas Supreme Court, *see Dean* v. *Colonia Underwriters Ins. Co.,* 52 Ark. App. 91, 99, 915 S.W.2d 728 (1996); *Scarbrough* v. *Cherokee Enters.,* 33 Ark. App. 139, 143, 803 S.W.2d 561 (1991), *aff'd,* 306 Ark. 641, 816 S.W.2d 876 (1991), the latter alternative is not a viable option. Therefore, on the strength of *Hicks* and *Webster,* we dismiss this appeal.

Dismissed.

MAYFIELD, J., concurs in part and dissents in part.

MELVIN MAYFIELD, Judge, concurring in part and dissenting in part. I dissent, in part, from the result reached by the majority in the per curiam opinion issued today in this matter. I agree that the notice of appeal in this case was not timely filed insofar as an appeal from the decree filed in this case is concerned. However, I do not agree that the notice of appeal — which states it is also appealing from the denial of the appellant's motion for new trial — is ineffective insofar as the denial of the motion for new trial is concerned.

Here, the appellant did not file a motion for new trial *as described* in Arkansas Rule of Appellate Procedure 4(b) (now designated as Rules of Appellate Procedure—Civil). This is because the motion for new trial referred to in that subsection means a motion *timely* filed under Rule of Civil Procedure 59(b), which requires the motion to be filed not later than "10 days after the entry of judgment." *Compare Fuller* v. *State,* 316 Ark. 341, 344, 872 S.W.2d 54, 55 (1994) (motion for reconsideration not analogous to a motion under Civil Procedure Rules 50(b), 52(b), or 59(b)), and *Enos* v. *State,* 313 Ark. 683, 685, 858 S.W.2d 72, 73 (1993) (motion to set aside judgment not analogous to any of the motions listed in Appel-

late Procedure Rule 4(b)). So, the motion for new trial in the instant case, not being filed within 10 days as required by Civil Procedure Rule 59(b), is not a motion that is referred to in Appellate Procedure Rule 4(b). Therefore, the motion did not extend the time for filing an appeal from the judgment entered November 2, 1995, and this court is correct in holding that the notice of appeal filed December 11, 1995, which was more than 30 days later, was not effective to appeal from the November 2, 1995, judgment.

However, that does not render the notice of appeal ineffective as to the order that denied the appellant's motion for new trial. Appellate Procedure Rule 2(a)(3) provides that an appeal may be taken from an order that "grants or refuses a new trial." *See Mikkelson* v. *Willis*, 38 Ark. App. 33, 826 S.W.2d 830 (1992), where we explained that at one time such an order was not appealable unless the notice of appeal contained an assent by the appellant that if the order of the trial court was affirmed, judgment absolute would be rendered against the appellant. We also pointed out that this condition of appealability was removed by Act 547 of 1963, first compiled as Ark. Stat. Ann. § 27-2101 (Supp. 1965), and preserved by Appellate Procedure Rule 2(a)(3). *See* Reporter's Notes to Rule 2: 1.

So in the instant case, after the decree was entered by the trial court on November 2, 1995, that court denied appellant's motion for new trial by an order entered November 14, 1995, and the appellant filed a notice of appeal from that order on December 11, 1995. This was within 30 days after the entry of the order denying new trial and, under Appellate Procedure Rules 2 and 4, I think the appeal of that order is properly before us and should be decided on its merits.

And in answer to the obvious question of why this would not also allow the decree of November 2 to be reviewed under Appellate Procedure Rule 2(b), which provides that "an appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment," the answer is that the decree of November 2 is not an "intermediate order." This was our conclusion in *Mikkelson* v. *Willis, supra,* where the appellant appealed a judgment against him which was obtained after the trial court had granted the appellee a new trial. We said the order granting the new trial had become a final order when it was not appealed; therefore, it was not an intermediate order and could not

be reviewed in the appeal from the judgment entered after the new trial was granted. The same logic should apply in the instant case.

The per curiam opinion issued by the majority of this court cites the cases of *Hicks* v. *State*, 324 Ark. 450, 921 S.W.2d 604 (1996), and *Webster* v. *State*, 320 Ark. 393, 896 S.W.2d 890 (1995), as authority for this court's action in dismissing the appeal from the trial court's failure to grant a new trial and also as authority for dismissing the appeal from the trial court's judgment that decided the merits of the case. From a reading of those per curiam opinions, it seems clear to me that in the *Webster* case no order was entered ruling upon the motion for new trial and that the opinion simply holds that the notice of appeal filed more than 30 days after judgment was entered was too late and was of no effect. And in the *Hicks* case, the opinion specifically states that "the trial court did not rule on the motion for new trial" but that the notice of appeal was filed more than 30 days after the judgment was entered and it was of no effect.

Thus, the *Hicks* and *Webster* cases certainly do not constitute authority for the proposition that when the trial court enters "an order which grants or refuses a new trial" there can be no appeal from that order, and Appellate Procedure Rule 2(a)(3) certainly provides that an appeal may be taken from such an order. It is true that those cases make the statement that the motion for new trial "filed before the judgment and commitment order was entered" was "untimely and ineffective." But those statements simply mean that such motions do not operate to extend the time for filing a notice of appeal from those judgments and commitment orders. But if those motions had met the conditions set out in Appellate Procedure Rule 4(b), (c), and (d), then the notices of appeal would have been operative to allow the appellate court to review the judgments and commitment orders.

This is very clearly explained in the Addition to Reporter's Notes, 1988 Amendment, following Appellate Procedure Rule 4, where it is pointed out that the 1988 amendment "expands from 10 to 30 days the time period in Rule 4(d) for filing the notice of appeal when a posttrial motion has been made." One reason for this, the Reporter's Notes say, is because with the shorter time period contained previously in Rule 4(d), it was possible for an appellant to miss the 10-day deadline and still file a notice of appeal from the order denying the posttrial motion by complying with

the 30-day period provided in Rule 4(a). This would allow the appellant to challenge the trial court's action with respect to the post-trial motion but not the errors underlying the judgment. *Cornett* v. *Prather*, 290 Ark. 262, 718 S.W.2d 433 (1986), is cited as an example of that situation.

But the above explanation does not say that this situation can no longer occur under any circumstances. So, even if for reasons of symmetry or personal preference I wanted to hold that the trial court's order in this case denying the appellant's motion for new trial could not be reviewed on appeal, I would have to say that it was an order which refused to grant a motion for new trial and, under the circumstances involved here, that order is before us in this appeal, and we should not dismiss this appeal without deciding the merits of the issue presented by the denial of that motion.

Therefore, I concur in part and dissent in part from the per curiam opinion of the majority.