Richard WASHINGTON *v.* STATE of Arkansas

CA CR 96-781                                    936 S.W.2d 559

Court of Appeals of Arkansas
Opinion delivered December 23, 1996

*James P. Clouette*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

■ PER CURIAM. The attorney general filed a motion in this case to dismiss appellant's appeal from a second-degree murder conviction, alleging that his notice of appeal was not timely filed. The judgment and commitment order was entered on February 5, 1996. Appellant filed a motion for a new trial on March 6, and an addendum to the motion on March 12. The trial court held a hearing on the motion on April 1 and denied the motion from the bench, but did not enter a written order. Appellant filed a notice of appeal on April 4. *Nance v. State*, 318 Ark. 758, 891 S.W.2d 26 (1994), is dispositive of the pertinent facts here. *Nance* provides that a notice of appeal must be filed within thirty days of the entry of the judgment and commitment order or the order denying a post-trial motion, that a notice of appeal filed prior to the entry of a final judgment is ineffective, that a decision announced from the bench denying the motion does not become effective until the order is filed, but that it is deemed denied thirty days from the filing of the motion. We agree with the attorney general that the notice of appeal was not timely filed.

As was stated in the three-judge dissent in *Nance*, the rules are ambiguous and should be interpreted to facilitate rather than thwart appeals. Nevertheless, until the rules or their interpretation is changed by the Arkansas Supreme Court, we must follow them.

■ The motion to dismiss the appeal is granted without prejudice to the appellant to file a petition with the supreme court for permission to file a belated appeal.

ROBBINS, NEAL, and GRIFFEN, JJ., agree.

JENNINGS, C.J., PITTMAN, and ROGERS, JJ., concur.

MAYFIELD, J., dissents.

COOPER, J., not participating.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the decision to grant the State's motion to dismiss this appeal and join in all but the next-to-last paragraph of the per curiam opinion. I do not agree with that part of the opinion that states that the rules of appellate procedure are ambiguous, and I believe that the paragraph in question, expressing a view previously rejected by a majority of the court that drafted the rules, has no place in an opinion speaking for this court.[1]

JENNINGS, C.J., and ROGERS, J., join in this concurrence.

MELVIN MAYFIELD, Judge, dissenting. The State has filed a motion to dismiss this appeal on the basis that the notice of appeal was not timely filed. The motion was served on appellant's attorney, and he has filed no response to it.

According to the State's motion, the appellant was convicted of second-degree murder and sentenced to 240 months by a judgment and order of commitment entered on February 5, 1996. He filed a motion for new trial on March 6, 1996, and the court held a hearing on April 1, 1996, at which he denied the motion but no written order has been entered to reflect that action.

On April 4, 1996, the appellant filed a notice of appeal from his "conviction and sentence rendered by the Court on April 1, 1996," and the record was subsequently filed in the Arkansas Court of Appeals.

The State's motion to dismiss contends that the notice of appeal was not effective to appeal the judgment of conviction because it was not filed within thirty (30) days after the judgment of conviction was entered as required under Rules of Appellate Procedure—Crim. 2(a)(1), and it was not effective to appeal the denial of new trial because it was filed before the motion was deemed denied and before a written order was entered denying the motion. The cases of *Nance v. State*, 318 Ark. 758, 891 S.W.2d 26 (1994), *Tanner v. State*, 318 Ark. 888, 887 S.W.2d 311 (1994), and *Schaeffer v. City of Russellville*, 52 Ark. App. 184, 916 S.W.2d 134 (1996), are cited to

---

[1] It should be noted that the rules were amended after *Nance v. State*, 318 Ark. 758, 891 S.W.2d 26 (1994), cited by the majority, and before the judgment of conviction in this case, *see* Ark. R. App. P.—Crim. 2, but the changes do not affect the issue presented by this motion.

support the contention that the notice of appeal was not effective to appeal the denial of the motion for new trial.

If this matter is as clear as the State's motion contends, we should dismiss the appeal. However, as the cases of *Nance* and *Tanner* hold, the appellant's attorney can file a motion for a rule on the clerk to file the appeal which may be granted if the attorney will accept full responsibility for not timely filing the notice of appeal. However, under Rule 1-2(a)(10) of the Rules of the Supreme Court and Court of Appeals, a motion for rule on the clerk may have to be filed in the Supreme Court.

The 1996 Rules of Appellate Procedure—Crim. 2(e) provides that the "Supreme Court may act upon and decide a case in which the notice of appeal was not given . . . in the time prescribed, when a good reason for the omission is shown by affidavit." This rule was originally made by a per curiam issued on February 5, 1979. *See* 265 Ark. 964. In *Smith v. State*, 325 Ark. 34, 921 S.W.2d 953 (1996), the court treated a motion for a rule on the clerk as a motion for a belated appeal under what is now Appellate Procedure —Crim. Rule 2(e). Since the record is filed in the instant case, a motion for belated appeal rather than for a rule on the clerk would seem to be the proper motion.

In sum, I would agree to certify this case to the Arkansas Supreme Court, but I dissent to dismissing the appeal.