Jackie FERGUSON *v*. SUNBAY LODGE, LTD.

CA 89-423                                          781 S.W.2d 491

Supreme Court of Arkansas
Opinion delivered December 18, 1989

*Q. Byrum Hurst, Jr.*, for appellant.

*Wallace, Dover & Dixon*, by: *Russell Gunter* and *Allen C. Dobson*, for appellee.

PER CURIAM. The appellant, Jackie Ferguson, originally filed a complaint in United States District Court against the appellee, Sunbay Lodge, Ltd. (Sunbay), and John Aulgur and

alleged causes of action under Title VII and state law tort claims of assault, battery, outrage, and negligence. Ferguson's state law tort claims were dismissed by the court and she subsequently voluntarily dismissed her Title VII claim.

Ferguson then filed suit against Sunbay in Garland County Circuit Court and alleged that Sunbay's former manager sexually harassed her while she was employed with Sunbay. Ferguson claimed that these acts constituted the torts of outrage and negligence, for which Sunbay was liable. The trial court dismissed Ferguson's suit with prejudice because it was barred by statutes of limitation. Ferguson has attempted to appeal from the trial court's order and, as a result, Sunbay has moved to have the appeal dismissed pursuant to Ark. R. App. P. 4(c), which provides as follows:

> If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. *A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period.* No additional fees shall be required for such filing. (Emphasis added.)

The sequence of events in this case is as follows:

| | |
|---|---|
| June 22, 1989 | Order of Dismissal |
| July 3, 1989 | Appellant's motion for new trial |
| July 17, 1989 | Appellee's response to motion for new trial. |
| July 20, 1989 | Appellant's notice of appeal. |
| August 3, 1989 | Appellant's reply to appellee's response to motion for new trial |

September 27, 1989    Order denying motion for new
trial

As noted above, Ferguson filed a motion for new trial prior to filing her notice of appeal. According to Rule 4(c), Ferguson's time for appeal would run either from entry of an order on the motion or on the thirtieth day from filing the motion, whichever came first. The 30 day provision is applicable here as the relevant date initiated by the motion for new trial was August 2, 1989, and the order denying the motion for new trial was not filed until September 27, 1989.

Consequently, the 30 day time period in which Ferguson had to file a notice of appeal, pursuant to Ark. R. App. P. 4(a), began to run on August 2, 1989.

Ferguson's July 20, 1989, notice of appeal, which was filed before the disposition of her motion for new trial, had no effect. In this case, our rules specifically require that a new notice of appeal must have been filed within the prescribed period, as measured from the expiration of the 30 day period. This was not done; therefore, Sunbay's motion to dismiss is granted.

HICKMAN and PURTLE, JJ., would grant.

JOHN I. PURTLE, Justice, dissenting. We set a trap for lawyers when we amended A.R.A.P. 4(c) to read:

A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period.

This 1988 amendment to Rule 4(c) drastically changed the existing rule and is contrary to logic and our prior decisions.

In *Caskey* v. *Pickett*, 272 Ark. 521, 615 S.W.2d 359 (1981) we stated:

The notice of appeal was timely filed, as supported by case law, statute and rule. Therefore, we do not think it would do justice to penalize a party who filed notice prior to the entry of the decree or judgment. We hold that the filing of

notice of appeal before entry of a final order simply becomes effective at the time the final order is entered. The adverse party has not been disadvantaged or suffered any harm. Therefore, the rule will be granted.

Attorneys often live and work in cities far removed from trial sites; it is not feasible, from either a practical or an economical viewpoint, to phone every day to ascertain whether a judgment has been entered. Orders and motions frequently cross in the mail; sometimes a judgment is mislaid on a desk or elsewhere, thereby greatly reducing the likelihood of accurately determining its filing date.

If I understand the majority ruling, it holds that all post-judgment motions are deemed denied 30 days after filing unless the trial court has already granted or denied it. The major problem is not with motions that have been granted or denied prior to the expiration of the thirtieth day, but with those instances in which the trial court either has made a decision that is to be reduced to a judgment later or has set briefing schedules.

In the present case, the rule is unusually harsh because notice of appeal was given within 30 days of the entry of the original judgment. The order dismissing the appellant's original complaint was entered on June 22, 1989, and her notice of appeal was filed on July 20, 1989. Were it not for the fact that Rule 4(c) has been amended, there would be no confusion here.

The rule should be amended again to restore its original form. As such action is unlikely, it suffices for the moment simply to point out that the amended Rule 4(c) has no application to these facts. By its decision today, the court holds that Rule 4(c) overrules the provision of Rule 4(a) of giving a party 30 days to appeal a decision of a trial court. The tail is now wagging the dog.

HICKMAN, J., joins this dissent.