Earnest V. EDDINGS *v.* Gary LIPPE

90-310                                          802 S.W.2d 139

Supreme Court of Arkansas
Opinion delivered January 14, 1991

*Davis & Goldie*, by: *James E. Goldie*, for appellant.

*Donald E. Bishop, P.A.*, for appellee.

Tom Glaze, Associate Justice. The sole issue sought to be determined in this case is whether the trial court properly awarded attorney's fees in a lien foreclosure action. However, we are unable to decide the issue because appellant failed to properly perfect his appeal under ARAP Rule 4. While this issue was not raised by the parties, this court is obliged to address jurisdiction requirements even when the parties do not. *Widmer* v. *Touhey*, 297 Ark. 85, 759 S.W.2d 562 (1988). Because the court is without jurisdiction, we dismiss this appeal.

In the action below, appellee attempted to foreclose a mechanics' and materialmen's lien against property owned by appellant for work appellee had performed on the property. After a hearing on the matter, the trial court found no contract to exist between the parties, but awarded appellee quantum meruit recovery for work performed. The trial court also awarded

attorney's fees in the sum of $1,400.00 to appellee as costs to be assessed against appellee under Ark. Code Ann. § 16-22-308 (Supp. 1989). A judgment to this effect was entered on November 13, 1989.

On November 17, 1989, appellant field a motion for new trial, raising the issue he now advances on appeal, *viz.*, the trial court erred in applying § 16-22-308, the attorney's fee statute, in a case where no contract is found to exist. Appellant filed his notice of appeal on December 12, 1989.

Rule 4(c) of the Arkansas Rules of Appellate Procedure provides that when a timely motion for new trial is filed in the trial court by any party, the time for filing an appeal shall run from the date the court either grants or denies the motion. If the court takes no action on the motion within thirty days, it will be deemed denied on the thirtieth day from the date the motion was filed. Rule 4(d) provides that the time prescribed for filing a notice of appeal will be measured from the entry of the order disposing of the motion or from the expiration of the thirty-day period. Finally, and most importantly when considering the procedural events in the present case, Rule 4(c) provides that a notice of appeal filed before the disposition of any new trial motion or, if no order is entered, prior to the expiration of the thirty-day period, shall have no effect.

In this case, there is nothing in the record to indicate the trial court ever made a ruling on appellant's motion for new trial. In the absence of such a ruling, appellant was required under Rule 4(c) to wait thirty days from the time he filed his motion before filing his notice of appeal. He failed to do so. Instead, appellant filed his notice of appeal on December 12 or only twenty-five days after filing his motion for new trial. Thus, appellant's notice of appeal was ineffectual. In sum, appellant never obtained a ruling on his motion by the trial judge nor was the judge afforded the thirty-day period in which to act on appellant's motion. Because the failure to file a timely notice of appeal deprives this court of jurisdiction, *Monk v. Farmers Ins. Co.*, 290 Ark. 38, 716 S.W.2d 201 (1984), we must dismiss this appeal.