Berniece JASPER *v.* JOHNNY'S PIZZA

91-23                                                807 S.W.2d 664

Supreme Court of Arkansas
Opinion delivered April 29, 1991

*James E. Smedley*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

STEELE HAYS, Justice. Berniece Jasper appeals from an order granting summary judgment. Ms. Jasper sued Johnny's Pizza for injuries sustained in a slip and fall at the restaurant. Johnny's Pizza denied ownership or operation of the restaurant and alleged that Huntaway, Incorporated, owned the restaurant. Johnny's Pizza moved for summary judgment supported by an affidavit of Chester Huntsman that Johnny's Pizza had no connection with the restaurant.

Ms. Jasper sought and obtained an extension until July 1, 1990, to answer the motion for summary judgment. That date came and went without response and on July 17 an order was entered granting summary judgment.

On July 20 Ms. Jasper filed an amended complaint naming Chester Huntsman and Huntaway, Incorporated, d/b/a Johnny's Pizza, as defendants, filing at the same time a response to the motion for summary judgment and later (on July 27), a motion to set aside the summary judgment. Johnny's Pizza moved to strike the amended complaint and on August 10, 1990, the trial court struck the amended complaint upon a finding that it was filed after the cause of action had been dismissed. On August 24, 1990, Berniece Jasper filed notice of appeal.

We do not reach the merits because the notice of appeal is deficient. First, it fails to designate the judgment or order appealed from as required by Ark. R. App. P. 3(e). While we do not hold that this defect is fatal, we do hold that the timing of the notice of appeal renders it a nullity. The pertinent dates are:

July 17, 1990    - Order of summary judgment filed.

July 27, 1990   - Motion to set aside summary judgment.

August 10, 1990   - Order striking amended complaint.

August 24, 1990   - Notice of appeal.

The deadline for filing notice of appeal from the July 17 order of summary judgment was extended by the July 27 motion to set aside the order of summary judgment. Ark. R. App. P. 4(b). But where, as here, the trial court does not act on such motion, it is deemed denied as of the 30th day [Ark. R. App. P. 4(c)], which in this instance would be August 27.[1] In that circumstance a notice of appeal filed before August 26 or after September 26 would not be timely.

The problem here is that appellant's notice of appeal was prematurely filed on August 24, which rendered it ineffectual. Ark. R. App. P. 4(c) provides in part:

*A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additional fees shall be required for such filing. [Our emphasis.]

With respect to the order of August 10, 1990, from which the notice of appeal was timely, that order merely disallowed an attempt to amend the complaint after the case had been concluded by summary judgment. Since there is no valid appeal from the summary judgment, an appeal from the denial of an amendment to the complaint would be purely academic.

Appeal dismissed.

---

[1] August 26, 1990, being a Sunday, the thirty days began to run on Monday, August 27, 1991. Ark. R. Civ. P. 6.