PHILLIPS CONSTRUCTION COMPANY v. Hugh
COOK and Joan Cook

CA 90-320                                            808 S.W.2d 792

Court of Appeals of Arkansas
Division I
Opinion delivered May 15, 1991

*Hurst Law Offices*, by: *Terri Harris*, for appellant.

*Hugh* and *Joan Cook*, Pro Se.

GEORGE K. CRACRAFT, Chief Judge. Phillips Construction
Company attempts to bring this appeal from the denial of its

motion for a new trial. It argues that the amount of damages awarded to it was too low and that the trial court should have ordered a new trial pursuant to Ark. R. Civ. P. 59(a)(5). Appellees, Hugh and Joan Cook, attempt to cross-appeal from the denial of their Ark. R. Civ. P. 60(b) motion to set aside the award of attorney's fees to appellant. We are unable to consider either of these issues because neither appellant nor appellees properly perfected their appeals under Ark. R. App. P. 4.

Rule 4 of the Arkansas Rules of Appellate Procedure provides in pertinent part as follows:

> (b) Time for Filing Notice of Appeal Extended by Timely Motion. Upon the filing in the trial court within the time allowed by these rules of a motion for judgment notwithstanding the verdict under Rule 50(b), of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or of a motion for a new trial under Rule 59(b), the time for filing of notice of appeal shall be extended as provided in this rule.

> (c) Disposition of Posttrial Motion. If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. *Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period.* . . .

> (d) Time for Appeal from Disposition of Motion. Upon disposition of a motion listed in section (b) of this rule, any party desiring to appeal from the judgment, decree or order originally entered shall have thirty (30) days from the entry of the order disposing of the motion or the expiration of the 30-day period provided in section (c) of this rule within which to give notice of appeal.

( Emphasis added.)

The sequence of relevant filings in this case is as follows:

| | |
|---|---|
| April 2, 1990 | Entry of judgment for appellant, including award of attorney's fees. |
| April 10, 1990 | Appellant's motion for new trial. |
| April 25, 1990 | Appellees' motion to set aside award of attorney's fees. |
| April 30, 1990 | Appellant's notice of appeal. |
| May 15, 1990 | Order denying both motions above. |
| June 13, 1990 | Appellant's second notice of appeal. |
| June 22, 1990 | Appellees' notice of cross-appeal. |

■■ Appellant's April 10 motion for a new trial was timely filed under Ark. R. Civ. P. 59(b) and, therefore, served to extend the deadline for filing its notice of appeal. Ark. R. App. P. 4(b). According to Rule 4(c), appellant's time for appeal would run either from entry of an order on the motion or from the thirtieth day after filing the motion, whichever came first. *Ferguson* v. *Sunbay Lodge, Ltd.*, 301 Ark. 87, 781 S.W.2d 491 (1989). Here, since the trial court did not act on appellant's motion within thirty days, it was deemed denied as of the thirtieth day, or May 10, 1990. Consequently, both the April 30 and June 13 notices of appeal filed by appellant were ineffectual, as a notice of appeal filed before May 10 or after June 11[1] would be untimely under Rule 4(c). *Jasper* v. *Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991). Nor did appellees' April 25 motion to set aside the award of attorney's fees serve to extend the time for appellant to appeal, as appellees' motion was not timely for that purpose under any of the rules listed in Ark. R. App. P. 4(b).

■ Appellees' notice of cross-appeal is likewise ineffectual. While a notice of cross-appeal ordinarily is timely if filed within ten days of a notice of appeal, Ark. R. App. P. 4(a), no timely

---

[1] The next business day after Saturday, June 9, 1990. *See* Ark. R. Civ. P. 6(a).

notice of appeal was filed in this case. Although we otherwise could treat appellees' "notice of cross-appeal" as a notice of appeal in its own right, we cannot in this case since appellees' notice was not filed until June 22, or thirty-eight days after the May 15 denial of appellees' post-trial motion.

■ While these issues were not raised by the parties, they are jurisdictional ones that we are required to address even when the parties do not. *Eddings* v. *Lippe*, 304 Ark. 309, 802 S.W.2d 139 (1991). Because this court is without jurisdiction, we dismiss the appeal and cross-appeal.

Dismissed.

MAYFIELD and ROGERS, JJ., agree.