James Eddie McCRAW *v.* John A. McCRAW, Jr.

CA 94-460                                                    878 S.W.2d 3

Court of Appeals of Arkansas
Opinion delivered June 29, 1994

*George C. Walthall,* for appellant.

*Michael Sherwood,* for appellee.

PER CURIAM. The appellee in this case has filed a motion to dismiss the appellant's appeal, contending that the record was not timely filed with the clerk of this court. We agree and dismiss the appeal.

On December 28, 1993, the chancery court of Pulaski County entered its order denying and dismissing appellant's complaint for specific performance of a contract and awarding appellee an attorney's fee of $1,000.00. On January 6, 1994, appellant filed a timely notice of appeal from the December 28 order, *see* Ark. R. App. P. 4(a), and a motion to stay the order pending appeal. Appellant filed the record in this court on May 2, 1994.

Rule 5(a) of the Arkansas Rules of Appellate Procedure provides that the record on appeal shall be filed with the clerk of the appellate court within ninety days of the filing of the notice of appeal, unless the time is extended by timely order of the trial court. Here, the record was not tendered until 116 days after appellant's notice of appeal. The record fails to disclose that any

order to extend the time for filing was ever sought or obtained. Nor has appellant alleged that the late filing resulted from some unavoidable casualty. Under these circumstances, we grant appellee's motion. *See Mitchell* v. *City of Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991).[1]

Appeal dismissed.

---

[1]We note that appellant filed a second notice of appeal from the December 28 order on January 31, 1994. Of course, the January 31 notice of appeal was ineffectual, as appellant's motion for a stay is not one of the limited types of post-trial motions that, under Ark. R. App. P. 4, will extend the time for filing notice of appeal. *See* Ark. R. App. P. 4 (b); *Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993). Moreover, even if the motion for a stay were, or were analogous to, one of the motions referred to in Rule 4(b), no written order denying the motion was ever entered. Therefore, a notice of appeal filed prior to the expiration of thirty days after the motion was filed, as appellant's second notice was here, would be premature and have no effect. *See* Ark. R. App. 4(c); *Phillips Construction Co.* v. *Cook*, 34 Ark. App. 224, 808 S.W.2d 792 (1991); *see also Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992).