**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Curley ADAMS, Jr., Defendant–Appellant.**

**No. 95–40994.**

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1997.

Keith Fredrick Giblin, U.S. Attorney's Office, Beaumont, TX, for Plaintiff-Appellee.

Christopher Goldsmith, Houston, TX, for Defendent-Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant Curley Adams appeals the sentence he received after pleading guilty to two counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and one

count of conspiracy to distribute and to possess with intent to distribute cocaine base, 21 U.S.C. § 846. Because we find that the district court erred in not considering Adams' designation of the record on appeal as a notice of appeal and motion for extension of time to file a notice of appeal, we remand.

## I.

Adams pled guilty to two counts of possession with intent to distribute and one count of conspiracy to possess with intent to distribute cocaine base. At Adams' sentencing on August 31, 1995, his counsel orally informed the court of Adams' intent to appeal. On September .8, 1995, Adams' counsel moved the district court to withdraw as counsel. The district court denied the motion and appointed the attorney as appellate counsel. On September 14, 1995, the district court entered judgment in Adams' case.

Adams designated material for the record in a pleading submitted to the court on September 28, 1995. On November 28, 1995, Adams filed a notice of appeal and a motion for extension of time to file the notice of appeal. On December 1, the district court denied the motion for extension of time stating that it did not have authority to extend the time of filing for a notice of appeal beyond the extra thirty days given by Fed. R.App. P. 4(b).

## II.

■ This court cannot exercise jurisdiction absent a timely notice of appeal. *United States v. Winn,* 948 F.2d 145 (5th Cir.1991). Fed. R.App. P. 4(b) requires a criminal defendant to submit a notice of appeal within ten days of a final judgment. Upon a showing of excusable neglect, a district court may extend the time to file for thirty days, but in no case may a district court extend the time more than thirty days after the expiration of the ten day period.

■ Adams' notice of appeal and motion for extension of time to file were presented to the district court more than seventy days after entry of the final judgment. Citing our decisions in *United States v. Lewis,* 921 F.2d 563, 565 (5th Cir.1991), and *United States v.*

*Awalt,* 728 F.2d 704, 705 (5th Cir.1984)(on rehearing), the district court found that it had no authority to rule on a motion for extension of time that was not filed within thirty days of the expiration of the ten day appeal period. Although this is correct, the district court failed to consider whether any of Adams' pleadings filed within the extra thirty day period could be considered a notice of appeal and motion for extension of time to file a notice of appeal. See *United States v. Golding,* 739 F.2d 183 (5th Cir.1984)(holding that a notice of appeal filed beyond the ten day period should be construed as a motion for extension of time).

We must first determine whether Adams filed a document that can be construed as a notice of appeal. A notice of appeal must designate the parties making the appeal, the judgment appealed from, and the court appealed to. Fed. R.App. P. 3(c); *Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 681–82, 116 L.Ed.2d 678 (1992). The only document filed by Adams within the original ten day period or the extra thirty day period was a designation of the record on appeal, filed September 28, 1995.

In *Page v. DeLaune,* 837 F.2d 233, 236 (5th Cir.1988), this court considered whether a designation of the record on appeal received by the district court sufficed as a notice of appeal. The court in *Page* found that the designation of record on appeal provided "all the information required by Rule 3(c)." Adams' designation of material for the record states that the appeal will be taken to the "Court of Appeals, 5th District," and designates "[a]ll pleadings filed by the United States and Defendant, and all rulings of the Court thereon" for the record. Like the designation of the record on appeal in *Page,* Adams' designation is sufficient to constitute a notice of appeal.

■ However, Adams' designation of the record on appeal was not filed within ten days of the judgment in his case. Fed. R.App. P. 26(b) prevents this court from extending the time to file a notice of appeal. We therefore remand to the district court to determine if Adams has demonstrated "ex-

cusable neglect" sufficient to warrant an extension under Fed. R.App. P. 4(b).

## III.

For the foregoing reasons, this case is remanded to the district court.