Tony ALAMO *v.* Christiaon Susan COIE

CA 96-3                                        938 S.W.2d 873

Court of Appeals of Arkansas
En Banc
Opinion delivered February 19, 1997

Appellant, *Pro Se.*

*Karr & Hutchinson,* by:  *Charles Carr,* for appellee.

PER CURIAM.  This case must be dismissed under Ark. R.
App. P.—Civil 4 because the appellant did not file a timely notice
of appeal.

Appellee, Christhiaon Susan Coie, Susan Alamo's daughter,
sued appellant, Tony Alamo, in the Crawford County Chancery
Court in September 1991, alleging that appellant had violated a
temporary restraining order prohibiting him and members of the
Tony and Susan Alamo Foundation from removing Susan's body

from its mausoleum. In her complaint, appellee stated that appellant had caused the removal of her mother's body from the mausoleum and had concealed its location. Appellee also alleged that appellant's outrageous actions had caused her to suffer emotional distress. She sought damages and an order requiring appellant to deliver the body. On September 14, 1995, the chancellor entered an order directing appellant to produce Susan's body and awarded appellee damages in the amount of $100,000.00 for the tort of outrage. On September 20, 1995, at 4:26 p.m., appellant filed his notice of appeal. At 4:29 p.m., on September 20, 1995, appellant filed a motion for new trial. There is nothing in the record to indicate that the chancellor ruled on appellant's motion for new trial. Additionally, appellant did not file a new notice of appeal.

Arkansas Rule of Appellate Procedure—Civil 4(a) provides that, except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Arkansas Rule of Appellate Procedure—Civil 4(b) provides that, upon the timely filing in the trial court of a motion for new trial under Ark. R. Civ. P. 59(b), the time for filing the notice of appeal shall be extended as provided in this rule. Arkansas Rule of Appellate Procedure—Civil 4(c) provides:

> If a timely motion listed in section (b) of this rule [such as a motion to amend the court's findings of fact under Ark. R. Civ. P. 52(b), or a motion for new trial under Rule 59(b)] is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additional fees shall be required for such filing.

The failure to file a timely notice of appeal deprives this court of jurisdiction. *Williams v. Hudson*, 320 Ark. 635, 638, 898

S.W.2d 465 (1995); *Rossi v. Rossi*, 319 Ark. 373, 374, 892 S.W.2d 246 (1995). Here, appellant failed to file a new notice of appeal within the prescribed time measured from the expiration of the thirty-day period.

In *Mitchell v. Mitchell*, 40 Ark. App. 81, 842 S.W.2d 66 (1992), we were presented with a similar situation. In that case, the appellant filed the notice of appeal on September 4, 1991; on September 5, the appellant filed motions for findings of fact and conclusions of law and for relief from the supplement to the decree. The court orally denied the motions at a hearing held on October 14, 1991. We found it necessary to dismiss the appeal and stated:

> Therefore, under either motion filed by appellant on September 5, 1991, the time to appeal would run from the entry of an order on the motion or from the thirtieth day after the filing of the motion, whichever came first. *See Ferguson v. Sunbay Lodge, Ltd.*, 301 Ark. 87, 781 S.W.2d 491 (1989); *Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991); *Phillips Construction Co. v. Cook*, 34 Ark. App. 224, 808 S.W.2d 792 (1991). These cases also make it clear that even when an appealable order has been entered and a notice of appeal has been filed within 30 days thereafter, the filing of a motion provided for in Appellate Procedure Rule 4(b) will extend the time for filing the notice of appeal, and the notice of appeal filed *before* the time is extended will be ineffective.

> In the instant case, the notice of appeal filed on September 4, 1991, was ineffective because of the motions filed on September 5, 1991. Moreover, those motions were deemed denied at the end of 30 days after they were filed — unless the trial court ruled on them before that time. Although the trial court orally denied the motions at a hearing on October 14, 1991, this was more than 30 days after they were filed and they were already deemed denied; therefore, it was necessary to file a new notice of appeal within 30 days after the motions were deemed denied. Because this was not done, no appeal has been perfected. While this issue was not raised by the appellee, it is jurisdictional and we must raise it even if the parties do not. *Eddings v. Lippe*, 304 Ark. 309, 802 S.W.2d 139 (1991).

40 Ark. App. at 85. *See also Schaeffer v. City of Russellville*, 52 Ark. App. 184, 186, 916 S.W.2d 134 (1996); *Snowden v. Benton*, 49 Ark. App. 75, 76, 896 S.W.2d 451 (1995); *Glover v. Langford*, 49 Ark. App. 30, 31, 894 S.W.2d 959 (1995).

We therefore dismiss this appeal as untimely.

Dismissed.