OPINION AND ORDER [1]
This appeal of a revocation of probation calls into question the application of rules governing time limits on appeals. The appellants appeal was not filed within the proscribed time period.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Adrian Poleahla, was convicted on February 4, 1988, of one count of malicious mischief and one count of assault arising out of incidents occurring in December 1987. He received sentences of 90 and 60 days of incarceration, respectively. These sentences were suspended for concurrent one-year probation terms (terminating on February 4, 1989), restitution, a restraining order[2] and admittance to an alcohol rehabilitation center. On November 28, 1988, after paying the restitution and completing the rehabilitation, the appellant was charged with two counts of assault and battery. At the arraignment, the appellant pled guilty to the charges[3] and was sentenced to 60 days’ incarcera-tioh for a probation violation. There was one alleged victim who was the subject of both the December 1987 and November 1988 assaults. Appellant filed his Notice of Appeal on December 21, 1988, appealing the judgment order in ease No, 2015/87, dated November 28,1988.

DISCUSSION

The Hopi Indian Rules of Civil and Criminal Procedures (“H.I.R.C.C.P.”) clearly state that notice of an appeal must be given within 20 days of the judgment or order appealed from (H.I.R.C.C.P. Rule 37(c)). This court has not previously decided the effect of a late filing of appeal. Under the circumstances of this case, failing to file an appeal within the prescribed period makes an appeal unavailable.
The tribe, while not submitting a brief, notes that one portion of the appeal (the claim that the imposition of a twelvemonth probation period violated the Indian Civil Rights Act) was not made within twenty days of the judgment order. (Order of the Tribal Court—case 2015/87, December 28, 1988, In. 17-20). In fact, this claim of the appeal was filed ten months after the final order imposing the sentence and therefore is not considered herein because it was not timely appealed.
*264 However, the other claim in this appeal (that the trial court erred in not issuing a written finding of probation contempt) was noticed on December 21, 1988. The order appealed from was entered November 28, 1988. Thus, even this claim was noticed for appeal two days late. The provision in the Hopi Rules concerning time computation states, in relevant part: “[I]n computing any period of time set forth herein, the day that the period is to commence shall not be counted and the last day of the period shall not be counted.... ” H.I.R.C.C.P. Rule 3(a). If we do not count the day that the order appealed from (November 28, 1988) then the 20 days would end on December 18, 1988. Thus the last day to file an appeal of the order in case No. 2015/87 was December 19,1988.
In at least one context, the Hopi court system has sought to strictly follow time provisions set out in statutes. In a child abuse action the Hopi Children’s court requires the filing of a petition within ten days of the release of a minor to his or her parents. When this requirement is not met the party filing the petition is not allowed to continue the case in the Hopi Court system. In the Matter of D.J., No. CC-005-94, 21 I.L.R. 6083 (1994). This decision notes that filing dates must be strictly involved because in this particular context there is a need for “expeditious handling.” Id.
Before discussing the decisions of other courts, it should be noted that under Hopi Tribe Resolution H-12-76, Section 2, “Precedential Authority for Trial Courts,: the Hopi tribal courts look to seven enumerated sources of authority in making their decisions. The only binding sources of authority are: (1) the Hopi Constitution and By-laws; (2) Ordinances of the Hopi Tribal Council; (3) Resolutions of the Hopi Tribal Council; and (4) the customs, traditions and culture of the Hopi Tribe, The other three sources of authority (federal law, Arizona law, and common law) are persuasive.” See Hopi Tribe v. Mahkewa, et al., Nos. 1289/90, 0326/91, (AP-002-92); 21848 (AP-008-93); 22179 (AP-003-93). This court discusses state, common and federal law where the state and federal issues are analogous to Hopi issues.
Other courts have examined the effect of a failure to file a timely notice of appeal. Matter of Appeal in Pima Cty. Juvenile Action, (1982) 135 Ariz. 278, 660 P.2d 1205 (the failure to file an appeal in a timely fashion deprives the appellate court of jurisdiction.). See also Ariz. Rules of Civ. App. Proc. Rule 9(a). (limiting time for appeal to be filed to 30 days.). See also, Couch v. United Paperworkers International, 224 Ga.App. 721, 482 S.E.2d 704 (1997) (Timely filing of notice of appeal within 30 days of judgment as absolute requirement to confer jurisdiction on the appellate court); United States v. Adams, 106 F.3d 646 (5th Cir.1997) (Under Federal Rules of Civil Procedure, Court of Appeals cannot exercise jurisdiction absent timely notice of appeal); Alamo v. Coie, 56 Ark.App. 97, 938 S.W.2d 873 (1997) (The failure to file a timely notice of appeal deprives appellate court of jurisdiction); but c.f. Anderson v. Hollifield, 345 N.C. 480, 480 S.E.2d 661 (1997) (Appellate Court may take case on petition of certio-rari even when time for notice of appeal has passed).
Our fellow tribal appellate court, the Navajo Supreme Court has also addressed this issue. Interpreting a provision of the Navajo Nation Code[4] very similar to Rule *265 37 of the H.I.R.C.C.P., that court held that the appellate court lacked jurisdiction of an appeal absent a timely filing of notice of appeal. Navajo Tribe v. Yellowhorse, 5 Nav. R. 133 (1987).
These laws reflect a desire in legal systems to provide a sense of finality to the litigants. Fixing a time by which an appeal must be noticed, and only vesting jurisdiction in an appeal court if this time is met gives the successful litigant a date when they know that their case will finally be settled as far as the legal system is concerned.
It is the duty of counsel to insure that matters subject to proscribed time limits are acted upon within those time limits. Pima Cty. 660 P.2d at 1206 (citing Kiefer v. May (1974) 22 Ariz.App. 567, 529 P.2d 721). Furthermore, counsel has the obligation to check court records to determine the exact date of the entry of a final order so she can preserve her client’s right to appeal. Id. (citing Thomas v. Western Savings and Loan Ass’n, (1967) 6 Ariz. App. 511, 433 P.2d 1003).
 Furthermore, even excusable neglect affords no basis for relief from the dismissal of an untimely appeal. Id. at 1207. (citing Newland v. Fossey (1966) 2 Ariz.App. 394, 395, 409 P.2d 314). Finally, even when a clerk of the court fails to give notice of entry of judgment the time for filing a timely appeal is not affected. Id. (citing Old Pueblo Transit Co. v. Corporation Commission (1951) 73 Ariz. 32, 236 P.2d 1018).
In the instant case, the appellant was represented by counsel and was well aware of the filing deadlines. In fact, the appellant, through the same attorney filed timely appeals in other matters before the Tribal Court. This is evidenced by the appeal in cases 1558/88 and 1559/88, which were timely filed on December 16, 1988, three days before the 20 day period expired in those matters. Furthermore, there is no evidence of irregularities on the part of the trial court in duly entering the orders appealed from. Therefore, under the circumstances of this case, the appellant’s tardiness in filing an appeal makes such an appeal unavailable.

ORDER OF THE COURT

The court hereby DISMISSES the appeal, and DIRECTS the Tribal Court to exercise its discretion in carrying out its judgment order in case 2015/87 of November 28, 1988, which imposed a 60 day sentence.

. The appellant in this case filed two appeals in December 1988. This one, filed December 21, 1988, deals with sentencing and probation stemming from alleged assaults occurring in December 1987. The companion appeal, filed December 16, 1988 (Case No. 1558/88, 1559/88), deals with his arraignment and sentencing stemming from alleged assaults occurring in November 1988.

. The appellant was "ordered to restrain from harming, harassing, or threatening or being around the premises of victims, Miriam Tori-vio, Christine, Joseph and Lavern Kyasyousie when he is under the influence of intoxicating [sic] or drugs." Judgment Order 2015/87, p. 1 In. 26—p. 2 In. 1.

. The criminal complaint alleged that the appellant: "willfully and unlawfully used violence upon the person of Christina Kyasyousie by striking her about the face several times with a closed fist, causing her pain and injury;” and "willfully and unlawfully used force and violence upon the person of Doren Kya-syousie, age 5 years, by hitting and choking him, causing him fear and injury.” Criminal Complaints, 1158/88; 1559/88.

. Title 7, § 801 provides in relevant part: “Every person aggrieved by any final judgment or other final order of a District Court of the Navajo Nation and desiring to appeal *265 shall within 30 days after the day such judgment or order is rendered appeal to the Supreme Court stating fuliy the grounds for appeal."