IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50448
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ULYSSES MARTINEZ-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-98-CR-273-1
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Rogelio Muñoz ("Muñoz"), court-appointed counsel for appellant, Ulysses Martinez-Martinez, seeks leave to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). However, because we lack jurisdiction, we dismiss this appeal and deny counsel's motion.

     We are obliged to examine our jurisdiction, *sua sponte* if necessary, if jurisdiction is in doubt. See Castaneda v. Falcon, 166 F.3d 799, 801 (5th Cir. 1999). Our review of the record

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reveals that although judgment was entered on November 5, 1998, the notice of appeal in this matter was not filed until April 9, 1999, some five months later. Accordingly, we are without jurisdiction to entertain the appeal. See FED. R. APP. P. 4(b); United States v. Adams, 106 F.3d 646, 647 (5th Cir. 1997) (appellate court has no jurisdiction absent timely notice of appeal). Therefore, we dismiss the appeal for lack of jurisdiction, we deny Muñoz' motion to withdraw as moot, and we deny Martinez' request for appointment of counsel on appeal as moot.

We now turn to Muñoz' conduct in this case. Although the notice of appeal was clearly filed on April 9, 1999, Muñoz states in his Anders brief that the notice was filed on November 2, 1998. Further, Martinez attached to his notice of appeal a letter, purportedly from Muñoz, which states that a notice of appeal was not filed and that the time to do so had passed. R. 1, 30.

Pursuant to FED. R. APP. P. 46(c), we hereby order Muñoz to show cause why this court should not impose sanctions or otherwise discipline him for misrepresenting to the court a critical fact relating to jurisdiction. See, e.g., United States v. Gaitan, 171 F.3d 222 (5th Cir. 1999). Muñoz shall have fifteen days from the date of this opinion to file a response.

APPEAL DISMISSED FOR LACK OF JURISDICTION; MOTION TO WITHDRAW DENIED AS MOOT; REQUEST FOR APPOINTMENT OF COUNSEL DENIED AS MOOT; COUNSEL ORDERED TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED.