IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20024
Summary Calendar

_____


LEON JOHNSON,

Plaintiff-Appellant,

versus

THE DEPARTMENT OF THE ARMY;
UNITED STATES DRUG ENFORCEMENT
AGENCY; HOUSTON POLICE NARCOTIC
DIVISION; YELLOW CAB COMPANY;
ASHLEY HARPER; THE TEXAS EDUCATION
AGENCY; LONGVIEW HIGH SCHOOL;
JOHN CORNYN, Attorney general,
State of Texas; LISA MILLARD,
TEXAS STATE DISTRICT JUDGE; FRANK
ROSS; TERRY HAMILTON; GULF COAST
LEGAL FOUNDATION; NELSON JONES;
JAMES GILLIES; BETTY HOMINGA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3800

_____

January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this appeal, Leon Johnson challenges several of the
district court's interlocutory orders in his civil suit seeking
judicial review of a decision by the Board for the Correction of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Military Records and asserting other claims. Johnson seeks to appeal the district court's orders denying him leave to amend his complaint, denying his "Emergency Motion for Protective Order to DEA and HPD Narcotics," denying his motion for a temporary restraining order, and dismissing the Texas Education Authority and Longview High School from the suit. Johnson has also filed with this court a motion to correct a purported error in the case caption.

It is axiomatic that, as a court of limited jurisdiction, we are obliged to examine the basis of our own jurisdiction. Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985). A timely notice of appeal is a prerequisite to the exercise of appellate jurisdiction. United States v. Adams, 106 F.3d 646, 647 (5th Cir. 1997). Furthermore, federal appellate courts have jurisdiction over appeals only from: (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or that have been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b). See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).

Because Johnson failed to file a notice of appeal from the district court's order granting Longview High School's motion to

2

dismiss, this court is without jurisdiction to review that order. See Adams, 106 F.3d at 647. While Johnson did file notices of appeal from the other orders at issue, none of those orders are final under 28 U.S.C. § 1291. The orders have not been certified by the district court as appealable under either Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b), and they do not fall into 28 U.S.C. § 1292(a)'s specific classes of appealable orders. Finally, none of the orders is encompassed by the jurisprudential exception to the final-order rule known as the collateral-order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

In the light of the foregoing, we are without jurisdiction to review the district court's interlocutory orders.  This appeal is DISMISSED for lack of jurisdiction, and Johnson's motion to correct the case caption is DENIED as moot.

APPEAL DISMISSED;
MOTION DENIED.