United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-41516

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REMEDIOS HURTADO-HILARIO, also known as Roberto Herrera-Garcia, also known as Remedios Hurtado-Hilario,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
B-01-CR-276-1

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Remedios Hurtado-Hilario ("Hurtado") appeals the district court's denial of his motion for

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Hurtado sought to have his sentence adjusted under the 2001 version of Sentencing Guideline § 2L1.2.

As an initial matter, we must examine whether we have jurisdiction over this appeal. *See, e.g.*, *Chevron USA, Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716, 719 (5th Cir. 2002). We have made clear that we "cannot exercise jurisdiction absent a timely notice of appeal." *United States v. Adams*, 106 F.3d 646, 647 (5th Cir. 1997). In this case, we must consider whether Hurtado demonstrated that he filed a timely notice of appeal.

The district court issued its decision, denying Hurtado's motion for modification of his sentence, on September 9, 2002. Under the current version of the Federal Rules of Appellate Procedure, Hurtado had ten days from that date (excluding Saturdays, Sundays, and legal holidays) within which to file his notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A); FED. R. APP. P. 26(a)(2). Hurtado was thus required to file his notice of appeal by September 23, 2002.

Federal Rule of Appellate Procedure 4(c) states that an inmate files a timely notice of appeal if he deposits the notice in the prison mail system "on or before the last day for filing." FED. R. APP. P. 4(c)(1). The inmate can prove the date on which he filed the notice of appeal "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement[.]" *Id.* Hurtado indicated on his notice of appeal that he signed the notice on September 20, 2002. He did not, however, provide any proof (either through the procedure in § 1746 or through a notarized statement) that he deposited the notice in the prison mail system on that date. Nor did he provide proof that he deposited the notice at any other time on or before September 23, 2002. Because Hurtado failed to comply with the filing requirements for inmates, this Court cannot consider his notice of appeal to be timely.

In many cases, we treat an untimely notice of appeal "as a motion for a determination whether

excusable neglect or good cause entitles the defendant to an extension of time to appeal." *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). We then remand the case to the district court to allow that court to determine whether an individual has demonstrated "excusable neglect." *See, e.g., Adams*, 106 F.3d at 647-48.

However, when an individual brings a frivolous appeal, he will not receive the benefit of the "excusable neglect" doctrine. *See Alvarez*, 210 F.3d at 310. Thus, we consider whether Hurtado's appeal is frivolous. Hurtado seeks to have his sentencing range reduced based upon the 2001 version of Sentencing Guideline § 2L1.2. However, the district court already imposed the sentence for which Hurtado was eligible under the 2001 guidelines. As the district court observed, Hurtado would have received a 16-level sentencing enhancement under the 2000 guidelines for his forgery conviction. The district court instead imposed a 12-level enhancement, which Hurtado would have received under the 2001 version of the guidelines due to his prior drug-related offense. The district court thus departed from the 2000 guidelines to reach a guideline sentencing range identical to the range that Hurtado would have received under the 2001 guidelines. Therefore, there was no need for the district court to modify Hurtado's sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Hurtado's request for a modification is frivolous.

Because Hurtado's appeal is frivolous, we need not remand to allow the district court to consider the issue of excusable neglect. We can dismiss the appeal for lack of jurisdiction. *See Alvarez*, 210 F.3d at 310.

DISMISSED for lack of jurisdiction.

---

[1] Furthermore, it does not appear that the district court was authorized to modify Hurtado's sentence and apply the 2001 version of § 2L1.2. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 1B1.10(a),(c); U.S. SENTENCING GUIDELINES MANUAL, Appendix C.